## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**DAVID S. JOHNSON,**

Plaintiff,

vs.

Case No. 2:24-cv-02485

**AMAZON.COM SERVICES,**

Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant")[1] hereby removes to the United States District Court for the District of Kansas the action styled *David Johnson v. Amazon.com Services*, Case No. 24CV547, currently pending in the District Court of Wyandotte County, Kansas (the "State Court Action"). In support of removal, Defendant states as follows:

## THE STATE COURT ACTION

1.      Plaintiff David Johnson commenced this action on September 27, 2024, in the District Court of Wyandotte County, Kansas, in the case styled *David Johnson v. Amazon.com Services*, Case No. 24CV547. Defendant was served with a copy of the Petition on September 29, 2024.

2.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served papers served upon Defendant in the State Court Action is attached hereto as Exhibit A.

---

[1] Plaintiff misidentifies Defendant as "Amazon.Com Services."

1

4.      By removing this action, Defendant does not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

## VENUE

5.      Venue is proper in this Court because Plaintiff originally filed this case in the Twenty-Ninth Judicial District Court for the State of Kansas, Wyandotte County, and Kansas constitutes one judicial district. See 28 U.S.C. §§ 96, 1446(a); D. Kan. Rule 81.1(b)(1).

## DIVERSITY JURISDICTION

6.      This is a civil action over which this Court has original jurisdiction because the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are completely diverse. *See* 28 U.S.C. § 1332(a).

### A.      The Parties are Completely Diverse

7.      Diversity jurisdiction requires complete diversity between the parties, such that no plaintiff may be a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

8.      According to Defendant's records and Plaintiff's most recent W2 issued by Defendant, Plaintiff is a resident of the state of Kansas.[2] *See* Declaration of Tiffany Dantzler ("Dantzler Decl."), ¶ 2, Exh. B. Accordingly, Plaintiff is a citizen of Kansas for purposes of diversity jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

9.      A limited liability company has the same citizenship as that of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other

---

[2] Plaintiff failed to include his address in the Summons or Petition despite signing the Self-Represented Litigant Certification Form affirming he had done so.

circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *Calton v. JVM Sovereign Apartments, LLC*, 17-2739-DDC-JPO, 2018 WL 3708167, at *1 (D. Kan. Aug. 3, 2018) ("If the entity is a limited liability company, its citizenship is decided by the citizenship of each one of its members.").

10.     If that member is a corporation, it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11.     Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Declaration of Liz Hackett ("Hackett Decl."), ¶ 2, Exh. C. Its sole member is Amazon.com Sales, Inc. *Id.*

12.     Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Washington. *Id.*, ¶ 3. Its corporate headquarters are located in Seattle, Washington. *Id*. All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. *Id*. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

13.     Based on the citizenship of its sole member, Defendant Amazon.com Services LLC is a citizen of Delaware and Washington.

14.     The parties are completely diverse.

**B.      <u>The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs</u>**

15.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, to be in excess of $75,000. "Plaintiff's assertion of damages in the complaint is deemed to be the amount in controversy, if that amount is asserted in good faith." *See Lafferty v. Liberty Mut. Ins. Co.*, No. CV 20-2485-KHV, 2020 WL 6708629, at

*2 (D. Kan. Nov. 16, 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

16.     Plaintiff specifically alleges punitive damages of $300,000 plus lost wages, which exceeds the jurisdictional threshold. Ex. A, Petition at 7-8. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.2003) ("[p]unitive damages may be considered in determining the requisite jurisdictional amount.").

17.     Even if he did not so allege, a defendant seeking to remove a case to federal court need only submit a "short and plain statement" plausibly alleging that the amount in controversy exceeds $75,000. *See Dart* 574 U.S. at 84, 87 (holding removal pleading tracks Rule 8(a), and "[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

18.     Plaintiff claims back pay damages from the date of his termination through the time of trial. Ex. A, Petition at 7. *See Wulf v. City of Wichita*, 883 F.2d 842, 871 n.37 (10th Cir. 1989) ("The relevant time period for calculating an award of back pay begins with wrongful termination and ends at the time of trial.") (citation omitted).

19.     At the time of his termination, Plaintiff was paid approximately $3,320/month,[3] making his alleged back pay damages from the date of his termination through the date he filed his Petition on September 27, 2024, $34,860.[4] *See* Dantzler Decl., ¶ 2, Exh. B.

20.     According to the most recent data available from the United States Judiciary, the median time from filing a civil case through disposition during or after trial in this District is 25.2

---

[3] Plaintiff was paid a total of approximately $31,540 in 2023 working only 9.5 months as he alleges he took a leave of absence for one month, and his employment was terminated on November 14, 2023. Ex. A, Petition at 4.
[4] $3,320. x 10.5 months.

months.[5] Thus, Plaintiff's additional alleged back pay damages from the date he filed his Petition through disposition at trial is approximately $83,664.[6]

21.     Plaintiff's alleged back pay damages total approximately $118,524, which exceeds the $75,000 jurisdictional threshold.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas, and will simultaneously provide written notice of the filing of this Notice of Removal to the *pro se* Plaintiff as reflected by the Certificate of Service.

## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant Amazon.com Services LLC hereby removes the above-captioned matter to this Court from the District Court of Wyandotte County, Kansas, and requests the Court assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

---

[5] *See* United States Courts Table C-5 ending June 30, 2024, available at:
https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdata_tables%2Fstfj_c5_630.2024.xlsx&wdOrigin=BROWSELINK
[6] $3,320.53 x 25.2 months.

Respectfully submitted,

*/s/ Virginia L. Woodfork*

Daniel B. Boatright, KS# 15298
Direct: 816.627.4401
E-Fax: 816.817.7703
dboatright@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

Virginia Woodfork, KS #78867
Direct: 303.362.2880
E-Fax: 303.629.0200
vwoodfork@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO, 80202

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed via the Court's CM/ECF system

this 21st day of October, 2024, which sent electronic notice to the following:

David Johnson
Dsjohnson142@gmail.com

**PRO SE PLAINTIFF**

*/s/ Virginia L. Woodfork*
**ATTORNEY FOR DEFENDANT**