### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID S. JOTNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 24-2485-KHV |
| AMAZON.COM SERVICES, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

On July 24, 2024, plaintiff, proceeding pro se, filed suit against defendant in the District Court of Wyandotte County, Kansas. Plaintiff alleges that (1) in violation of the Kansas Bill of Rights, defendant required him to perform work outside of his job description, which amounted to involuntary servitude; and (2) by responding to the Kansas Department of Labor's request for information about its termination of plaintiff's employment, defendant violated K.S.A. § 44-615. See Civil Action (Doc. #1-1) filed October 21, 2024. Defendant removed the case to federal court based on diversity jurisdiction. See Notice Of Removal (Doc. #1). On November 14, 2024, the Court overruled plaintiff's motion to remand. See Order (Doc. #11).

This matter is before the Court on plaintiff's Motion For Reconsideration (Doc. #14) filed November 27, 2024 and Defendant's Motion To Dismiss (Doc. #7) filed November 11, 2024. For reasons set forth below, the Court overrules plaintiff's motion for reconsideration and sustains defendant's motion to dismiss.

**I.    Plaintiff's Motion For Reconsideration**

Plaintiff requests that the Court reconsider its order overruling his motion to remand the case back to the District Court of Wyandotte County, Kansas.

Because plaintiff seeks reconsideration of a non-dispositive motion or order, the Court evaluates his motion under District of Kansas Local Rule 7.3. Under Rule 7.3, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). Whether to grant a motion to reconsider lies in the discretion of the Court. Taylor v. Colo. Dep't of Health Care Pol'y & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

Here, plaintiff does not cite an intervening change in controlling law or present new evidence. Plaintiff asks the Court to reconsider its dismissal of his case to correct clear error and prevent manifest injustice, arguing that because he was homeless at the time he filed suit, the Court erred in concluding that it has diversity jurisdiction over his claims. "Clear error" exists when the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001). The Tenth Circuit has not defined "manifest injustice" in the context of reconsideration, but this Court has described the term to mean direct, obvious and observable error. Hadley v. Hays Med. Ctr., No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017). Where plaintiff seeks reconsideration to prevent manifest injustice, he can prevail only if he demonstrates injustice that is "indisputable." Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Plaintiff has not shown that the Court committed clear error or manifest injustice. In his motion to remand, plaintiff's only objection to the Court's jurisdiction was that because he was not asserting a federal cause of action, the Court could not exercise federal question jurisdiction. Now, plaintiff asserts that he is homeless and therefore a citizen of no state. Plaintiff cannot use a motion to reconsider to rehash the jurisdiction of this Court. For these reasons, the Court overrules plaintiff's motion for reconsideration.

## II.     Defendant's Motion To Dismiss

Under Rule 12(b)(6), Fed. R. Civ. P., defendant requests that the Court dismiss plaintiff's claims for failure to state a claim upon which relief can be granted. Because plaintiff did not file a response to defendant's motion, the Court considers the motion uncontested. See D. Kan. Rule 6.1(d)(4) (14 days to respond to motion); D. Kan. Rule 7.1(c) (if party fails to respond, court considers motion uncontested).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, for substantially the reasons stated in Defendant's Motion To Dismiss (Doc. #7) and Memorandum In Support Of Defendant's Motion To Dismiss (Doc. #8) filed November 11, 2024, the Court sustains defendant's motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #14) filed November 27, 2024 is **OVERRULED.**

-4-

**IT IS FURTHER ORDERED** that Defendant's Motion To Dismiss (Doc. #7) filed November 11, 2024 is **SUSTAINED.**

Dated this 20th day of December, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
