IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID S. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 24-2485-KHV |
| ) | |
| AMAZON.COM SERVICES, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On July 24, 2024, plaintiff, proceeding pro se, filed suit against defendant in the District Court of Wyandotte County, Kansas, alleging that (1) in violation of the Kansas Bill of Rights, defendant required him to perform work outside of his job description, which amounted to involuntary servitude; and (2) by responding to the Kansas Department of Labor's request for information about its termination of plaintiff's employment, defendant violated K.S.A. § 44-615. See Civil Action (Doc. #1-1) filed October 21, 2024. On October 21, 2024, defendant removed the case to federal court based on diversity jurisdiction. See Notice Of Removal (Doc. #1). On November 1, 2024, plaintiff filed a motion to remand, challenging only the Court's subject matter jurisdiction. See Objection To Removal And Request For Return (Doc. #6). On November 14, 2024, the Court overruled plaintiff's motion to remand. See Order (Doc. #11). On November 27, 2024, plaintiff filed a Motion For Reconsideration (Doc. #14) which argued that because plaintiff was homeless and had never resided in the State of Kansas, the Court lacked diversity jurisdiction. On December 20, 2024, the Court overruled plaintiff's Motion For Reconsideration (Doc. #14) and sustained Defendant's Motion To Dismiss (Doc. #7) filed November 11, 2024. See Memorandum And Order (Doc. #17).

This matter is before the Court on plaintiff's <u>Motion To Vacate Judgment For Fraud On The Court Pursuant To Rule 60(d)(3)</u> (Doc. #19) and <u>Motion For Sanctions For Fraud On The Court Pursuant To Rule 11</u> (Doc. #20) both filed October 8, 2025.  For reasons stated below, the Court overrules plaintiff's motions.

**<u>Legal Standards</u>**

Plaintiff asserts that defendant committed fraud on the Court and asks the Court to vacate its judgment pursuant to Rule 60(d)(3), Fed. R. Civ. P., and impose sanctions on defendant's attorney pursuant to Rule 11, Fed. R. Civ. P.

**I.    Rule 60(d)(3)—Fraud On The Court**

Rule 60(d)(3), Fed. R. Civ. P., states that Rule 60 does not limit the Court's power to set aside a judgment for fraud on the Court.  Courts construe such fraud "tightly" because it may permit a party to overturn a judgment long after it has become final.  <u>Weese v. Schukman</u>, 98 F.3d 542, 553 (10th Cir. 1996).  Courts only consider "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated."  <u>United States v. Buck</u>, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting <u>Rozier v. Ford Motor Co.</u>, 573 F.2d 1332, 1338 (5th Cir. 1978)).  Courts will not ordinarily consider "less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it" to rise to the level of fraud on the court.  <u>Id.</u>  "Intent to defraud is an absolute prerequisite to a finding of fraud on the court."  <u>Id.</u>

**II.   Rule 11—Sanctions**

Rule 11, Fed. R. Civ. P., requires pleadings to be, to the best of the signer's knowledge, well grounded in fact.  <u>Coffey v. Healthtrust, Inc.</u>, 1 F.3d 1101, 1104 (10th Cir. 1993).  To avoid Rule 11 sanctions, an attorney's actions must be objectively reasonable, and the attorney's belief

-3-

must be in accord with what a reasonable, competent attorney would believe under the circumstances.  <u>White v. Gen. Motors Corp.</u>, 908 F.2d 675, 680 (10th Cir. 1990).

## **<u>Analysis</u>**

Plaintiff argues that by asserting that plaintiff was a resident of the State of Kansas, defendant committed fraud on the Court.  Defendant based its assertion of Kansas citizenship on a declaration from an employee who had access to defendant's business records.  According to those records, plaintiff's last known address, as well as the address on his W-2 Form, was in Kansas.  The record does not reflect that (1) defendant intended to deceive or defraud the Court in asserting that plaintiff was a Kansas resident or (2) defendant's attorney's actions and beliefs as to plaintiff's residency were not objectively reasonable.  Further, even if plaintiff was not a Kansas citizen, plaintiff has never asserted that he is a citizen of Delaware or Washington (the states in which defendant is a citizen), so the Court still had diversity jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion To Vacate Judgment For Fraud On The Court Pursuant To Rule 60(d)(3)</u> (Doc. #19) and <u>Motion For Sanctions For Fraud On The Court Pursuant To Rule 11</u> (Doc. #20) both filed October 8, 2025 are **OVERRULED.**

Dated this 31st day of October, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge