IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID S. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 24-2485-KHV |
| ) | |
| AMAZON.COM SERVICES, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On July 24, 2024, plaintiff, proceeding pro se, filed suit in the District Court of Wyandotte County, Kansas, alleging that (1) in violation of the Kansas Bill of Rights, defendant required him to perform work outside of his job description, which amounted to involuntary servitude; and (2) by responding to the Kansas Department of Labor's request for information about its termination of plaintiff's employment, defendant violated K.S.A. § 44-615. See Civil Action (Doc. #1-1) filed October 21, 2024. On October 21, 2024, defendant removed the case to federal court based on diversity jurisdiction. See Notice Of Removal (Doc. #1). On November 1, 2024, plaintiff filed a motion to remand, challenging subject matter jurisdiction. See Objection To Removal And Request For Return (Doc. #6). On November 14, 2024, the Court overruled plaintiff's motion to remand. See Order (Doc. #11). On November 27, 2024, plaintiff filed a Motion For Reconsideration (Doc. #14) which argued that because he was homeless and had never resided in the State of Kansas, the Court lacked diversity jurisdiction. On December 20, 2024, the Court overruled plaintiff's Motion For Reconsideration (Doc. #14) and sustained Defendant's Motion To Dismiss (Doc. #7) filed November 11, 2024. See Memorandum And Order (Doc. #17). On October 8, 2025, plaintiff filed a Motion To Vacate Judgment For Fraud On The Court Pursuant

To Rule 60(d)(3) (Doc. #19) and Motion For Sanctions For Fraud On The Court Pursuant To Rule 11 (Doc. #20). Plaintiff argued that by asserting that plaintiff was a resident of the State of Kansas, defense counsel committed fraud on the Court. On October 31, 2025, the Court overruled both motions. See Memorandum And Order (Doc. #23).

This matter is before the Court on plaintiff's Motion For Reconsideration (Doc. #24) filed November 14, 2025, and the Motion For The Scheduling Of A Hearing Regarding The Foregoing Motion For Reconsideration Of The Motion To Vacate Ruling Of Dismissal And Request For Remand To State Jurisdiction (Doc. #27) and the Motion For The Scheduling Of A Hearing Regarding The Foregoing Motion For Reconsideration Of The Motion For Sanctions (Doc. #28) both filed January 28, 2026. For reasons stated below, the Court overrules plaintiff's motions.

## Legal Standards

The Court construes plaintiff's pro se filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for a pro se litigant. Id. A pro se litigant must "follow the same rules of procedure that govern all other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff asks the Court to reconsider its ruling which declined to (1) vacate the prior judgment denying relief for fraud on the Court and (2) impose sanctions on defense counsel. Plaintiff also requests a hearing on his motion for consideration.

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3; Servants of Paraclete v. Does, 204 F.3d

1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

### Analysis

Plaintiff's motion for reconsideration argues that the Court's ruling abused its authority and the law and demonstrated unfair bias in favor of defense counsel. Plaintiff also reiterates his arguments that defense counsel fraudulently represented to the Court that plaintiff was a resident of the State of Kansas when he was in fact homeless, not a resident of any state and had never lived in Kansas. Plaintiff states that defense counsel has never offered proof that plaintiff was a resident of the State of Kansas and requests that the Court order him to do so.

Plaintiff does not allege an intervening change in the controlling law or the availability of new evidence that could not have been obtained previously through the exercise of due diligence. He also has not shown the need to correct clear error or prevent manifest injustice. With respect to the Court's ruling on plaintiff's "Rule 60(d)(3) Fraud on the Court" claim, the Court did not clearly err in finding that defense counsel had not intended to defraud the Court by representing that plaintiff's last known address was in the State of Kansas. With respect to the Court's ruling which declined to sanction defense counsel, the Court did not clearly err in finding that defense counsel's actions were objectively reasonable and that his belief was in accord with what a reasonable, competent attorney would believe under the circumstances. See Rule 11, Fed. R. Civ. P. Finally, plaintiff has not established the need to correct manifest injustice, because (as the Court has previously noted) plaintiff does not allege that he is or ever was a resident of the States of

Washington or Delaware, the states in which defendant is a citizen.  Thus, the Court would retain diversity jurisdiction either way.

Accordingly, the Court overrules plaintiff's motion for reconsideration.  Hearings on the motion would not be helpful, so the Court overrules plaintiff's motions for hearings on his motion for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #24) filed November 14, 2025, and the Motion For The Scheduling Of A Hearing Regarding The Foregoing Motion For Reconsideration Of The Motion To Vacate Ruling Of Dismissal And Request For Remand To State Jurisdiction (Doc. #27) and the Motion For The Scheduling Of A Hearing Regarding The Foregoing Motion For Reconsideration Of The Motion For Sanctions (Doc. #28) both filed January 28, 2026, are **OVERRULED.**

Dated this 4th day of March, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge